DUNCAN V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-535-CR

DERICK DUNCAN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant was tried and convicted of aggravated sexual assault of a child.  He filed a postconviction motion for DNA testing, which the trial court denied.  In one point on appeal, appellant challenges the trial court’s finding that DNA testing of the available evidence would not exonerate appellant because there was no semen found on the evidence that is available for testing.  Appellant contends that semen is not the only type of material that could be tested; other biological material such as skin particles, other types of fluid, blood, and hair particles could be tested.

The evidence at appellant’s trial showed that he had spent the afternoon with his ex-girlfriend’s daughter, the complainant.  The complainant testified at trial that appellant put his penis in her vagina, but she didn’t see anything come out of it.  The complainant’s mother signed an affidavit stating that when appellant brought complainant home, she immediately told her mother that appellant had been trying to have sex with her and made her take off her clothes.

We hold that the trial court did not err in denying appellant’s motion.  Although semen may not have been the only relevant testable material, there is no evidence that any other such material was present in the samples available for testing, nor would the absence of such materials necessarily be exculpatory.  
See Rivera v. State
, 89 S.W.3d 55, 60 (Tex. Crim. App. 2002). Further, there was ample evidence other than what appellant wants tested, in the complainant’s direct testimony that appellant put his penis in her vagina. 
  
See Kutzner v. State
, 75 S.W.3d 427, 437-40 (Tex. Crim. App. 2002).  Accordingly, we hold that the trial court did not err in denying appellant’s motion for DNA testing.  
See Rivera
, 89 S.W.3d at 59; 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  We overrule appellant’s sole point and affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 5, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.